UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD EUGENE BRYANT,

    Plaintiffs,

v.

MARK BRAUNLICH, MARK GRUMMON,
and ANNAMARIE OSMENT,

    Defendants.
_____/

Case No. 2:23-cv-12405
District Judge Susan K. DeClercq
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (ECF No. 10)
AND
DEFENDANTS' MOTION FOR SANCTIONS (ECF No. 19)
AND
PLAINTIFF'S MOTION TO OBTAIN CONCURRENCE (ECF No. 29)**[1]

I.    Introduction

This is a civil case stemming from proceedings in state court that started over 20 years ago when plaintiff was ordered to pay child support.[2] Plaintiff Mark Eugene Bryant (Bryant), proceeding *pro se*, filed a complaint naming Mark

---

[1] Upon review of the parties' papers, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] See *Michelle Bolicki v. Richard Bryant*, Case No. 2006 0000002538 DP (Monroe County Circuit Court).

1

Braunlich, a Monroe County Judge; Mark Grummon, an employee of the Monroe County Friend of the Court; and Annamarie Osment, Monroe County Clerk, claiming various violations of his constitutional rights. (ECF No. 1). As will be explained, this is the third federal lawsuit he has filed related to the state court proceedings. In all three cases, he has sought damages and alleged various constitutional and state law violations, all stemming from the child-support determination. Before the Court are defendants' motion to dismiss (ECF No. 10), defendants' motion for sanctions (ECF No. 19), and Bryant's motion to obtain concurrence (ECF Nos. 29). The motions are fully briefed, (ECF Nos. 10, 11, 14, 15, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, 29, 31, 32), and have been referred to the undersigned. (ECF Nos. 33, 34).

For the reasons that follow, the undersigned RECOMMENDS that defendants' motion to dismiss be GRANTED. It is further RECOMMENDED that defendants' motion for sanctions be DENIED; however, Bryant should be cautioned that if he files another case making similar claims against these or similar defendants, he could face sanctions. Finally, it is RECOMMENDED that Bryant's motion to obtain concurrence be DENIED.

II.   Background

A.  Bryant's Prior Cases[3]

On September 9, 2018, Bryant, under the name "A.K.A. Ritshard Anu El-Bey," filed his first case in this district. *Anu El-Bey v. Monroe County Friend of the Court, et al.*, 2:28-cv-12735 (E.D. Mich., Tarnow, J.) (*Bryant I*). He named Monroe County Friend of the Court, Judge Mark S. Braunlich, Judge Frank L. Arnold, Referee Kirk McMullen, 38th Judicial Circuit Court, and Officers Randy Rosenberger Doug Arndt, Don Duncan, William Owens, Jaime Francisco, and Dave Gurganus as defendants. Judge Tarnow dismissed the case, explaining:

> … Mr. Bryant's Complaint does not meet the requirements of Fed. R. Civ. P. 8(a)(2). His pleadings against the Monroe County Court and its officers do not allege what due process rights Defendants violated, or, even more basically, if or how Defendant's conduct departed from the authority of Circuit County Courts over child support cases under Michigan State Law. M.C.L. 722.3. Without a cognizable due process claim this Court can exercise no jurisdiction over the action, for it cannot even construe the case as a 42 U.S.C. § 1983 complaint or any other federal question required by 28 U.S.C.§ 1331. Even assuming, for argument's sake, that diversity of citizenship exists pursuant to 28 U.S.C. § 1332, the Eleventh Amendment would still bar this suit, as Defendant seeks monetary damages against state courts and state officials in their official capacity. U.S. Const. amend. XI. Moreover, this Court has no jurisdiction over state court child support determinations. *Danforth v. Celebreze*, 76 F[.]App'x 615, 616 (6th Cir. 2003) ("Generally, federal courts have no jurisdiction over domestic relations matters."). Lastly, state court judges are absolutely immune

---

[3] This information is taken from the Court's electronic case filing system. The Court may take notice of public documents in ruling on a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

for money damages for conduct undertaken in their judicial roles. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

*Bryant I*, (ECF No. 21, PageID.84). Bryant did not appeal.

On May 9, 2019, Bryant, under the name "Ritshard Anu- Bey," filed his second case. *Anu-Bey v. Braunlich, et al.*, 2:19-cv-11377 (E.D. Mich, Cox, J) (*Bryant II*). The case was reassigned to Judge Tarnow, as a companion to *Bryant I*. Judge Tarnow explained the nature of the case as follows:

> Rather than appeal [Bryant I], Mr. Bey opted to file a new case. Mr. Bey's new suit again names Kirk McMullen and Mark Braunlich, but adds a Defendant, Mark Grummon. In addition to asserting the same claims from his last suit—claims arising from an adverse ruling before the 38th Circuit Court—Mr. Bey also asserts that he was forced to plead guilty to charges of resisting arrest on July 13, 2017, that he was asked to pay either court filing fees or fines as part of his child custody dispute, and that he was subject to a personal protection order that caused him problems at the US-Canadian border crossing.

(*Bryant II*, ECF No. 13, PageID.183-84). Judge Tarnow dismissed the case, explaining in part:

> Mr. Bey's suit will be dismissed according to the doctrine of collateral estoppel, or issue preclusion, because he attempts to relitigate the same case that the Court dismissed in its October 23, 2018 order. See Case No. 2:18-cv-12735, Dkt. # 21. Plaintiff's new claims arising from his subsequent prosecution and plea negotiations in state court will be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994).
>
> Mr. Bey alleges in this suit, as in the last one, that judicial officers in the Monroe County Court, through the offices of the Friend of the Court, "threatened, intimidated, and coerced" him into paying child support without due process. (Compl. pg. 12). In its October 23, 2018 ruling on Mr. Bey's last case, the Court held that Mr. Bey did not explain how the April 18, 2017 adverse child support ruling infringed

4

on his constitutional rights. See Case No. 2:18-cv-12735, Dkt. # 21. The doctrine of collateral estoppel "precludes relitigation of issues of fact or law actually litigated and decided in a proper action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Georgia-Pac. Consumer Prod. LP v. Four-U-Packaging, Inc*. 701 F.3d 1093, 1098 (6th Cir. 2012) (*quoting Gargallo v. Merrill Lynch, Fenner & Smith, Inc*. 918 F.2d 658, 661 (6th Cir. 1990)). …

All four of these preconditions are met in this case. Mr. Bey previously litigated the issue of his arrest and adverse child support determination from his April 18, 2017 court appearance. The Court's determination of the issue was necessary to the judgment against him. The prior proceeding was resolved on the merits, and Mr. Bey had a full and fair opportunity to litigate the issue in his prior proceeding before the Court. See Case No. 2:18-cv-12735, Dkt. # 21.

Plaintiff does not explain how the only new Defendant in this case, Mark Grummon, violated his rights in any way that was not addressed by the Court in its previous ruling. To the extent that Plaintiff goes into greater detail about the prosecution and plea agreement following his arrest, those claims cannot be remedied through § 1983 because there is no evidence that the prosecution was resolved in Mr. Bey's favor. *See Heck*, 512 U.S. at 486 (holding that a plaintiff will not have redress in a federal civil rights action unless his conviction or sentence is reversed on appeal, vacated by executive or legislative order, or invalidated by a writ of habeas corpus).

(*Id*., PageID.185-187).

      B.    This Case

On September 9, 2023, Bryant filed this case. As noted above, despite his efforts to argue that this case is not the same as his prior cases, it is clear from his papers that Bryant is again challenging events related to the child-support proceedings. To the extent he alleges more current events, he says that Judge

5

Braunlich improperly signed a warrant for his arrest and that he recently sent Grummon and Osment "Bills of Lading" to which they have not responded.

### III. Motion to Dismiss

#### A. Legal Standards

Defendants move to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Both grounds will be considered in turn.

##### 1. Rule 12(b)(1)

"Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d. 752, 759 (6th Cir. 2014). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Id.* "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis."

##### 2. Rule 12(b)(6)

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605,

6

608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal

7

arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

Finally, in ruling on a motion to dismiss, the Court may consider documents which are referenced in the complaint and integral to a plaintiff's claims. *Becker v. PennyMac Loan Servs., LLC*, 583 F. Supp. 3d 1090, 1097 (S.D. Ohio 2022); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001).

B. Discussion

Bryant's complaint in this case is subject to dismissal several reasons, including all of those Judge Tarnow articulated in *Bryant I* and *Bryant II*. The reasons for dismissal are set forth below.

First, as defendants note, the complaint itself fails to comply with Fed. R. Civ. P. 8 (a) which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint is rambling and largely incoherent. Bryant does not clearly and plainly allege how any of the defendants violated his rights. It is difficult to discern any plausible claim.

Second, this federal court lacks jurisdiction to consider challenges related to state court child proceedings. *See Danforth v. Celebreze*, 76 F. App'x 615, 616 (6th Cir. 2003) ("Generally, federal courts have no jurisdiction over domestic relations matters."). And when an action purports itself to imply it is a

8

constitutional question regarding child support, but "in actuality 'is a mere pretense ... concerned with domestic relations issues,' federal courts lack jurisdiction over the matter and must dismiss it." *Bowerman v. Lyon*, No. 17-CV-13903, 2018 WL 3639848, at *2 (E.D. Mich. June 20, 2018), *report and recommendation adopted*, 2018 WL 3631581 (E.D. Mich. July 31, 2018) (quoting *Danforth*, *supra* at 616).

Third, although the complaint does not specify whether he is suing the defendants in their official or individual capacities, it is assumed that he is suing them in their official capacity unless the complaint indicates otherwise. *See Wells v. Brown,* 891 F.2d 591, 593 (6th Cir. 1989). So construed, his claims for money damages against defendants are barred by the Eleventh Amendment. *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012).

Fourth, his claims against defendants are barred by immunity. Judge Braunlich enjoys absolute immunity. The Supreme Court has long recognized that, "[a]lthough unfairness and injustice to a litigant may result on occasion," a "judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (*quoting Bradley v. Fisher*, 80 U.S. 335, 347 (1872) (internal quotation mark omitted)). "The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983." *Briscoe v. LaHue*, 460

9

U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967)). As to Gammon and Osment, as employees of the Monroe County Court they are entitled to quasi-judicial immunity. *See Nowicki v. Bruff*, 103 F.3d 130 (6th Cir. 1996) (concluding that "eight defendant Macomb County Friend of the Court employees [were] entitled to quasi-judicial immunity from suit") (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)).[4] Quasi-judicial immunity attaches whenever the employee is performing a "judicial function," as Bryant alleges of Gammon and Osment here. *See Mudford v. Brown*, No. CV 16-10104, 2017 WL 370784, at *3 (E.D. Mich. Jan. 25, 2017) (explaining that officials acting pursuant to the Friend of the Court Act enjoy quasi-judicial immunity).

Fifth, Bryant is precluded from once again litigating the same claims litigated in *Bryant I* and *Bryant II*. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

> Under federal common law, res judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

---

[4] Defendants also argue that they are entitled to qualified immunity and that Bryant has failed to plead any proper claims under *Monell*. The undersigned declines to address these arguments, however well-taken they may be, in light of recommending dismissal on multiple other grounds.

*Howe v. City of Akron*, 801 F.3d 718, 742 (6th Cir. 2015) (cleaned up).

All four elements are met. There have been not one but two final judgment on the merits in *Bryant I* and *Bryant II*. Both prior lawsuits and this lawsuit include the same or similar parties. All of Bryant's claims here could have been litigated in the prior lawsuits. And he raises the same or similar claims in this lawsuit. Thus, his claims can be dismissed as barred by *res judicata*.

Sixth, any attempt to challenge actions in state court implicates the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment because that power is reserved to the Supreme Court under 28 U.S.C. § 1257. *See Exxon Mobil Corp. v. Saudi Basic Indus*., 544 U.S. 280, 292 (2005). In *Exxon Mobil*, the Supreme Court held that "[t]he *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284. "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (internal

11

quotation marks and citations omitted). Here, to the extent that Bryant is challenging state court orders related to child support and the execution of those orders, his claims are barred by *Rooker-Feldman*.

Seventh, any claims related to criminal proceedings against him are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harms caused by actions whose unlawfulness was rendered a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. Bryant has not made any such showing.

In sum, Bryant's complaint is subject to dismissal on these several grounds.

IV.   Motion for Sanctions

Defendants have also moved for sanctions, costs, and attorney's fees under Fed. R. Civ. P. 11. Defendants point out that this is Bryant's third case and rely on the prior dismissals as well as the arguments in their motion to dismiss to support their contention that sanctions are warranted. Defendants also note that they complied with Rule 11 provisions in informing Bryant of the motion and requesting concurrence. In response, Bryant suggests that defendants did not ask

for concurrence in good faith and says that sanctions are not warranted because his constitutional rights have been violated.

### A. Legal Standards

Rule 11 requires that each pleading and motion be signed by an attorney or the party if the party is proceeding without the assistance of counsel. The rule explains that, by presenting a filing with her signature to the court, a party (even an unrepresented one), "certifies to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... [i]t is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law." Fed R. Civ. P. 11(b). If a Court determines that Rule 11(b) has been violated, it may impose sanctions—including monetary ones—on the party that violated it. This includes parties, such as Bryant, who are not represented by counsel. Bryant is still obligated to litigate in good faith.

Additionally, a district court may assess sanctions against parties "under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons... or when conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011). "The concept of 'bad faith' conduct does not refer to conduct that is merely negligent, but includes conduct that is either

13

intentional or reckless." *Webastro Thermo & Comfort North Am., Inc. v. Bestop, Inc.*, 323 F. Supp. 3d 935, 939-40 (E.D. Mich. 2018). Likewise, a court "has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Youn v. Track, Inc.,* 324 F.3d 409, 420 (6th Cir. 2003). "[A] court's reliance upon its inherent authority to sanction derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings*." First Bank of Marietta v. Hartford Underwriters Ins. Co*., 307 F.3d 501, 512 (6th Cir. 2002).

## B.    Discussion

As explained in detail above, each of Bryant's three lawsuits are patently frivolous. His claims are barred for several reasons, as has been explained to him twice before by Judge Tarnow and by counsel before they filed this motion. It has now been explained to him again in this Report and Recommendation. The undersigned is not unsympathetic to defendants' request that Bryant be sanctioned. However, given Bryant's *pro se* status, and the fact that he has paid the filing fee in each case, the undersigned does not recommend sanctions at this time.

That said, because this is Bryant's third complaint filed in this district, it is RECOMMENDED that Bryant be CAUTIONED that if he files another substantially similar complaint against similar defendants as in *Bryant I*, *Bryant II*,

or this case, he could face monetary, injunctive, and other sanctions as the Court deems appropriate.

V. Motion to Obtain Concurrence

Bryant filed a motion styled "Motion to Obtain Concurrence." As best as can be gleaned, Bryant wants to schedule a meeting with defendants and a court reporter "to settle this matter." (ECF No. 29, PageID.495). Bryant has proposed dates in his motion and in his reply for such a meeting. Bryant cites no authority in support of his request that defendants be directed to meet to settle the case. Even if Bryant wants to settle this case, defendants are not obligated to engage in settlement discussions. Indeed, it is clear from defendants' motion to dismiss and motion for sanctions that they would like the case dismissed and Bryant sanctioned. As such, the undersigned RECOMMENDS that Bryant's motion be DENIED.

VI. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' motion to dismiss (ECF No. 10) be GRANTED, and that defendants' motion for sanctions (ECF No. 19) be DENIED but Bryant should be CAUTIONED that he could face sanctions if he files another similar lawsuit. It is further RECOMMENDED that Bryant's motion to obtain concurrence (ECF No. 29) be DENIED.

Dated: July 24, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 24, 2024.

                                        s/Julie Owens
                                        Acting in the absence of
                                        CAROLYN CIESLA
                                        Case Manager