UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD EUGENE BRYANT,

                Plaintiff,                    Case No. 2:23-cv-12405

v.                                    Honorable Susan K. DeClercq
                                    United States District Judge

MARK BRAUNLICH, MARK
GRUMMON, AND ANNAMARIE           Honorable Kimberly G. Altman
OSMENT,                          United States Magistrate Judge

                Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
(ECF No. 36), ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (ECF No. 35), GRANTING DEFENDANTS'
MOTION TO DISMISS (ECF No. 10), DENYING DEFENDANTS' MOTION
FOR SANCTIONS (ECF No. 19), DENYING PLAINTIFF'S MOTION TO
OBTAIN CONCURRENCE (ECF No. 29), AND DISMISSING WITH
PREJUDICE PLAINTIFF'S COMPLAINT (ECF No. 1)**

For the third time, Plaintiff Richard Eugene Bryant is attempting to challenge

the events related to a Monroe County Circuit Court case regarding his child-support

obligations and payments. In this case, he sues Monroe County Judge Mark

Braunlich and two Monroe County Court employees, Mark Grummon and

Annamarie Osment. Defendants filed a motion to dismiss and a motion for sanctions,

and Bryant filed a motion of his own. All three motions were referred to the

magistrate judge who, after careful consideration, recommended granting

Defendants' motion to dismiss, but denying their motion for sanctions, and denying

Plaintiff's motion. However, the magistrate judge recommended cautioning Plaintiff that he could be subject to future sanctions if he files a similar lawsuit against the same defendants again. Plaintiff filed objections, prompting a *de novo* review of the magistrate judge's recommendation. As explained below, there is no clear error, so the magistrate judge's report will be adopted and Plaintiff's complaint will be dismissed with prejudice.

## I. BACKGROUND

In September 2023, Plaintiff Richard Eugene Bryant filed a *pro se* complaint against Defendants Mark Braunlich, Mark Grummon, and Annamarie Osment, all Monroe County Court employees, vaguely alleging constitutional violations related to proceedings in Monroe County Circuit Court about his child-support obligations. ECF No. 1. Notably, Plaintiff's September 2023 complaint is not the first time he has sued Monroe County employees in federal court related to his Monroe County child-support proceedings. *See Anu El-Bey v. Monroe Cnty. Friend of the Court, et al.*, 2:18-12735 (E.D. Mich., Tarnow, J.) ("*Bryant I*") (alleging violations of due process against Macomb County judges, employees, and officers); *Anu-Bey v. Braunlich, et al.*, 2:19-cv-11377 (E.D. Mich., Cox, J.) ("*Bryant II*") (again alleging violations of due process against Macomb County judges, employees, and officers).

In October 2023, Defendants filed a motion to dismiss, ECF No. 10, followed two months later by a motion for sanctions, ECF No. 19. Both motions were referred

to Magistrate Judge Kimberly G. Altman for a Report and Recommendation (R&R). *See* ECF Nos. 12; 21; 33; 34. In February 2024, Plaintiff filed what he titled a "Motion to Obtain Concurrence," ECF No. 29, which was also referred to Judge Altman for an R&R, ECF Nos. 30; 31.

On July 24, 2024, Judge Altman issued an R&R recommending Defendants' motion to dismiss be granted. ECF No. 35. She further recommended that Plaintiff's motion to obtain concurrence and Defendants' motion for sanctions both be denied, but that Plaintiff should be cautioned "that if he files another substantially similar complaint against similar defendants as in *Bryant I*, *Bryant II*, or this case, he could face monetary, injunctive, and other sanctions as the Court deems appropriate." *Id.* at PageID.537. Plaintiff filed seven objections to the R&R, which are now before this Court. ECF No. 36.

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may

- 3 -

adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

## III. ANALYSIS

This Court has reviewed Plaintiff's complaint, ECF No. 1, Defendants' motion to dismiss, ECF Nos. 10; 11, the accompanying response, reply, and surreply, ECF Nos. 14; 15; 16; 17; 18, Defendants' motion for sanctions, ECF No. 20, the accompanying response, reply, and surreply, ECF Nos. 23; 24; 26; 27; 28, Plaintiff's motion to obtain concurrence, ECF No. 29, the accompanying response and reply, ECF Nos. 31; 32, Judge Altman's R&R, ECF No. 35, Plaintiff's objections, ECF No. 35, Defendants' response, ECF No. 37, and all other applicable filings and law.

Having conducted this *de novo* review, this Court finds that Judge Altman's factual conclusions are reasonably correct, that she reasonably applied the correct law, and that her legal reasoning is sound. That is, there are no prejudicial clear errors in Judge Altman's findings or recommendations to (1) grant Defendants' motion to dismiss, (2) deny Defendants' motion for sanctions, (3) warn Plaintiff that if he files another similar lawsuit against these defendants he could face sanctions, and (4) deny Plaintiff's motion to obtain concurrence. *See* ECF No. 35 at PageID.537. And to the extent Plaintiff's objections challenge Judge Altman's conclusions and recommendations, all seven of his objections will be overruled because they either (1) reraise arguments which were already made in earlier pleadings and presented to

the magistrate judge for consideration, or (2) appear to be improper attempts to amend the allegations made in his complaint. *See generally* ECF No. 36.

In sum, Plaintiff's objections will be overruled and Judge Altman's R&R will be adopted. Importantly, although the Court will not sanction Plaintiff for filing the above-captioned case, Plaintiff is hereby warned that if he files another substantially similar complaint against the same or similar defendants as in this case, *Bryan I*, or *Bryant II*, he could face monetary, injunctive, and other sanctions, including being enjoined from further filing, as the Court deems appropriate.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Objections, ECF No. 36, are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation, ECF No. 35, is **ADOPTED**;

3. Defendants' Motion to Dismiss, ECF No. 10, is **GRANTED**;

4. Defendants' Motion for Sanctions, ECF No. 19, is **DENIED**;

5. Plaintiff's Motion to Obtain Concurrence, ECF No. 29, is **DENIED**;

6. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**; and

7. If Plaintiff files another substantially similar complaint against the same or similar defendants as in this case, *Bryan I*, or *Bryant II*, he could face monetary, injunctive, and other sanctions, including being enjoined from further filing, as the Court deems appropriate.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 9/10/2024